78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Paul KOMYATTI, Jr., Petitioner-Appellant,
v.
Charles E. WRIGHT, Respondent-Appellee.
 No. 94-3979.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1996.[1]
Decided March 1, 1996.
 
 Before FAIRCHILD, COFFEY and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Paul Komyatti, an Indiana state prisoner, appeals from the denial of his petition for writ of habeas corpus, 28 U.S.C. § 2254, alleging various constitutional violations in connection with two prison disciplinary hearings.
 
 
 2
 In regard to the first disciplinary matter, petitioner was found guilty of "unauthorized use or abuse of mail, telephone, or visiting," after he telephoned the home of a nurse who worked at the prison. He lost two months[2] of telephone privileges.
 
 
 3
 Given the fact that the Constitution does not recognize an inmate's liberty interest in telephone privileges, see Sandin v. Connor, 115 S.Ct. 2293 (1995), we need not reach the question of whether petitioner received inadequate notice that making telephone calls to prison employees was prohibited. This is therefore not cognizable in a habeas corpus action.
 
 
 4
 The second disciplinary matter concerned petitioner's sending roses, on the same day that he telephoned, to the prison nurse. Komyatti was found guilty of "giving money or anything of value to or accepting same from any person without proper authorization." (ADPP[3] Code 234.) The CAB ordered that petitioner lose 180 days' good time credit, and a demotion in time credit class from I to II, and the loss of 19 accumulated vested months.[4]
 
 
 5
 Komyatti argues that he should have been charged within five working days, according to the ADPP, and instead was charged three months after the incident occurred. But the delay was caused by the nurse's failure to immediately report the incident.[5] Cf. Hewitt v. Helms, 459 U.S. 460, 477 n. 8 (1983) (due process requires that a disciplinary hearing occur within a "reasonable" time following an inmate's transfer to administrative segregation). Moreover, failure to comply with a time limit suggested by a state prison's manual is not a due process violation. See Estelle v. McGuire, 112 S.Ct. 475 (1991).
 
 
 6
 Komyatti maintains that he was never informed that inmates were not permitted to send flowers to prison employees. Every inmate is given a copy of the "Adult Offender Disciplinary Policy Procedures" manual. Section 234 prohibits "giving anything of value to staff." Komyatti's argument that the nurse was not a "staff" member makes little sense, since neither section of the ADPP refers to staff member, and regardless, an employee under "contract/agreement" is a staff member, according to the ADPP's definition.
 
 
 7
 Komyatti argues that the CAB should not have denied his request that two particular witnesses appear at each hearing. The Due Process Clause mandates that a prison disciplinary proceeding include the opportunity to call witnesses. Supt., Mass. Correctional Institution at Walpole v. Hill, 472 U.S. 445 (1985); Ponte v. Real, 471 U.S. 491, 496-97 (198); Wolff v. McDonnell, 418 U.S. 539, 556, 566 (1974). However, considerations of hazard to institutional safety, correctional goals and the need for swift discipline may permit the board to deny a request for witnesses. Wolff, 418 U.S. at 556; Cain v. Lane, 857 F.2d 1139, 1145 (7th Cir.1988). Here, one witness, Officer Kimmel, submitted a written statement, and thus the denial was reasonable, since an inmate has no constitutional right to live testimony where it is cumulative of written reports or statements submitted to the disciplinary board. The other witness, Richard Waples, an attorney and the Legal Director of Indiana's Civil Liberties Union, was properly denied on two grounds: there is no indication that his testimony would have been relevant and, in the alternative, inmates have no right to legal counsel at a hearing. Cf. Baxter v. Palmigiano, 425 U.S. 308 (1976).
 
 
 8
 The board may be required to explain its denial in a subsequent court proceeding. Ponte, 471 U.S. at 497-99. The fact that the CAB failed to provide a written explanation of its denial during the hearing did not have a "substantial and injurious effect or influence in determining the ... verdict." Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993) (quotations omitted). It was sufficient that the CAB explained its reasoning in the Return to Order to Show Cause.
 
 
 9
 Komyatti's request for a specific lay advocate was denied by the CAB. An inmate does not have a constitutional right to a lay advocate of his choice. Miller v. Duckworth, 963 F.2d 1002, 1004 (7th Cir.1992).
 
 
 10
 Komyatti contends that the hearing officer was biased. A prisoner has a right to have a disciplinary hearing conducted by an impartial decision maker. Supt., Mass. Correctional Institution at Walpole v. Hill, 472 U.S. 445 (1985); Redding v. Fairman, 717 F.2d 1105, 1112-13 (7th Cir.1983). We agree with the district court that there is no constitutional infraction here, since there was no showing of actual bias. See Wolff v. McDonnell, 418 U.S. at 570-71 (prison officials sufficiently impartial to conduct prison disciplinary hearings); Ramirez v. Turner, 991 F.2d 351, 355 (7th Cir.1993).
 
 
 11
 Komyatti argues that his sanction was excessive when compared to that of another inmate who sent a note to a prison employee through the prison's internal mail system. Komyatti does not say what protected class he would fall within if this is an equal protection claim. Moreover, sending mail to an employee's prison mailbox differs considerably from the potential security threat stemming from contacting employees at their home with telephone calls and gifts. Also, we know little or nothing about the comparison case; many other factors are taken into consideration, including the disciplinary record of each inmate. Moreover, the inmate to whom Komyatti refers committed quite a different act: sending a note to a prison staff member through the prison's in-house mail system, something much less threatening than reaching the prison employee at her home. No constitutional violation occurred.
 
 
 12
 Komyatti's allegations regarding inadequate heating in his cell and deprivation of visitation privileges should be raised in a civil rights action, 42 U.S.C. § 1983, not in a habeas corpus proceeding. Lewis v. Lane, 816 F.2d 1165 (7th Cir.1987).
 
 
 13
 Finally, we find that the district court properly denied Komyatti's discovery requests, since the allegations he presents do not provide a sufficient basis for permitting him to invoke the discovery process. See Rule 6(a) of the Rules Governing Section 2254 Cases; Matta-Ballesteros v. Henman, 896 F.2d 255, 259 (7th Cir.1990).
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument. See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed, and thus the appeal is submitted on the parties' briefs and the record
 
 
 [2]
 The CAB imposed a 90-day loss of telephone privileges, but on appeal, the superintendent reduced it to a two-month restriction
 
 
 [3]
 The 1990 version of the Indiana Dept. of Corrections, Adult Disciplinary Policy Procedures, § D, para. 11B, B(1), B(4), provides that a prisoner can be held up to seven working days from the date of the conduct report's filing "except in cases where an investigation is pending or good cause is shown."
 The 1984 version provided: "When an offender is segregated the disciplinary hearing shall be held within five (5) days from the date the 'Conduct Report' was filed."
 
 
 [4]
 A "vested month" is a month in which an inmate remains free of severe discipline. Respondents report that this is not a sanction, but a classification device. See Isby, Komyatti, et al. v. Bayh, slip op., Nos. 94-1400, 94-1481, 94-1493, 94-1494 (7th Cir. Feb. 5, 1996) (affirming district court's approval of class action settlement, finding that vested month provisions do not appear "on their face, to be unconstitutional with legal certainty"; vested month calculation affects only the assignment to a particular prison, and "it has no effect upon the length of the prisoner's sentence"), 1996 WL 44389 at * 5
 
 
 [5]
 Respondent notes that "[i]t is unclear as to whether this nurse accepted Komyatti's affections and possessed similar affections for him." (Appellees' brief, p. 16)